IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 96-11047
Summary Calendar

_____

RICHARD ALLEN SWARTZ,

                                          Plaintiff-Appellant,


versus

TEXAS BOARD OF PARDONS & PAROLES;
GARY SWAIN, Hearing Officer;
ERIC TRAINER, Parole Officer,

                                          Defendants-Appellees.


- - - - - - - - - -
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:94-CV-2793-G
- - - - - - - - - -
June 12, 1997
Before HIGGINBOTHAM, DUHE' and BARKSDALE, Circuit Judges.

PER CURIAM:*

    Richard Allen Swartz, Texas inmate #93108227, moves for

leave to proceed in forma pauperis (IFP) on appeal under the

Prison Litigation Reform Act of 1995 (PLRA).  The PLRA requires a

prisoner appealing IFP in a civil action to pay the full amount

of the filing fee, $105.  As Swartz does not have funds for

immediate payment of this fee, he is assessed an initial partial

    * Pursuant to Local Rule 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in Local Rule
47.5.4.

filing fee of $57.17, in accordance with 28 U.S.C. § 1915(b)(1). Following payment of the initial partial filing fee, funds shall be deducted from Swartz's prisoner account until the full filing fee is paid. See § 1915(b)(2).

IT IS ORDERED that Swartz pay the appropriate initial filing fee to the Clerk of the District Court for the Northern District of Texas. Swartz shall authorize the appropriate prison authorities to withdraw this fee from his trust fund account in accordance with their policy and local procedures and to forward the fee to the Clerk of the District Court for the Northern District of Texas. IT IS FURTHER ORDERED that the agency having custody of Swartz's inmate account shall collect the remainder of the $105 filing fee and forward for payment, in accordance with § 1915(b)(2), to the Clerk of the District Court for the Northern District of Texas each time the amount in Swartz's account exceeds $10, until the appellate filing fee is paid.

Swartz challenges the dismissal of his civil rights complaint by arguing that the district court erred by dismissing the damages claim with prejudice because the presently running statute of limitations will bar his claim once he has successfully sought habeas relief. Limitations cannot run on a claim which has yet to accrue. See Heck v. Humphrey, 512 U.S. 477, 489-90 (1994). No error is detected.

This appeal is frivolous and is therefore DISMISSED. See 5th Cir. R. 42.2. We caution Swartz that any additional

frivolous appeals filed by him will invite the imposition of sanctions.  To avoid sanctions, Swartz is further cautioned to review all pending appeals to ensure that they do not raise arguments that are frivolous because they have been previously decided by this court.

APPEAL DISMISSED.  IFP GRANTED.  INITIAL PARTIAL FILING FEE ASSESSED.  SANCTION WARNING ISSUED.